GEORGE B. YOUNG, PROSECUTOR, v. STEPHEN CRANE ET AL., TOWNSHIP COMMITTEE OF LANDIS TOWNSHIP.

Argued November 6, 1901—Decided February 24, 1902.

1. Subdivision 8 of section 32 of the General Township act (*Pamph. L.* 1899, *p.* 380) confers express authority upon the township committee to pass ordinances for the removal of trees from the highways.
2. A unanimous vote of the township committee is not necessary to pass an ordinance under subdivision 8 of section 32, but it is under subdivision 7 of that section.  A comparison of the language used in section 21 and subdivision 7 of section 32 will show them to be identical.
3. This writ must be dismissed, also, for the reason that it is not directed to the municipality "the township of Landis in the county of Cumberland."  It should not be directed to the clerk or members of the township committee alone.
4. *Davis* v. *Town of Harrison*, 17 *Vroom* 79, correctly states the practice in such cases.

---

On *certiorari* to bring up an ordinance of Landis township directing the removal of certain trees upon a public highway in front of the property of the prosecutor.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Henry S. Alvord.*

For the respondents, *Walter H. Bacon.*

The opinion of the court was delivered by

FORT, J.    The power to pass the ordinance in question is claimed to be found under the provisions of the General Township act. *Pamph. L.* 1899, *p.* 380, § 32, *subdiv.* 8.

This provision of the statute is quite clear as to the authority of the township committee and seems to confer power to pass the ordinance in question; nor do we think that the ordinance before us requires a unanimous vote of the township committee to adopt it.    Ordinances authorized to be passed under subdivision 7 of section 32 are within the requirements as to a unanimous vote of the township committee, but not ordinances for the removal of trees under subdivision 8 of section 32.    An examination of section 21 of the act will show that its language is identical with that used in subdivision 7 of section 32.    *Pamph. L.* 1899, *p.* 380, § 21; *Id., p.* 386, § 32, *subdivs.* 7, 8.

The word "encroachment," as used in subdivision 7 of section 32, and in section 21, evidently refers to encroachments upon the sidewalk by an extension of a structure of some kind upon the abutting premises out beyond the street line or otherwise.

But, whether this construction is correct or not, this writ must be dismissed for another reason.    It is directed to the clerk of Landis township and commands him to send up the ordinance as passed by the township committee with the records of their meetings.    The writ should be directed to the municipality in its corporate name.    It should go to the "township of Landis, in the county of Cumberland."    It cannot be directed to the clerk alone.    If we were to vacate this ordinance in this proceeding, it would be of no force. The corporation is not before the court.    Mr. Justice Magie

stated the practice in this way: "The rule is that the writ should be directed to the person who, in legal contemplation, has the custody of the record to be certified. But this has never been construed as requiring the writ to be directed to a mere subordinate officer of a court or municipal corporation, though he may be in the actual possession of the record. His custody is that of the court or corporation whose officer he is. The practice, therefore, is to direct the writ to the principal and not to the mere agent." *Davis* v. *Town of Harrison,* 17 *Vroom* 79.

By section 14 of the Township act (*Pamph. L.* 1899, *p.* 376) the township clerk is the mere agent or servant of the corporation for the keeping of the record of the proceedings of the township committee. All the papers, writings, books and records of his office are, by this section, required to be delivered to his successor. In this case the record was, in legal contemplation, in the custody of the township when in possession of its clerk.

The writ is dismissed, without costs.